```
UNITED STATES DISTRICT COURT                    C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                :
KENNETH E. TAFFE,                               :
                        Plaintiff,              :   **MEMORANDUM DECISION AND**
                                                :   **ORDER**
            - against -                         :
                                                :   16 Civ. 2975 (BMC)(LB)
MARIANNE EGRI, NEW YORK CITY                    :
SCHOOL CONSTRUCTION AUTHORITY,                  :
CITY OF NEW YORK,                               :
                                                :
                        Defendants.             :
-------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff Kenneth E. Taffe, appearing *pro se*, filed this action alleging employment discrimination under Title VII of the Civil Rights Act of 1964. The complaint is dismissed as to defendants Marianne Egri and the City of New York. Plaintiff's motion for leave to proceed *in forma pauperis* is denied. The Court directs plaintiff to pay the filing fee of $400.00 within 14 days of the date of this Order in order to proceed with this action.

### A. Filing Fee

The purpose of the *in forma pauperis* ("IFP") statute is to insure that indigent persons have equal access to the judicial system. See Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350. Effective May 1, 2013, an additional $50 fee is now required, for a total fee of

$400. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent.

Whether a plaintiff qualifies for IFP status is within the discretion of the district court. See Choi v. Chem. Bank, 939 F. Supp. 304 (S.D.N.Y. 1996). Here, plaintiff's application does not demonstrate that he is indigent and cannot pay the filing fee. In his application, plaintiff states that he is currently employed with a salary of $97,777.00 and that he takes home $1861.00 biweekly. Plaintiff's IFP application establishes that he has sufficient resources to pay the $400.00 filing fee to commence this action. Therefore, plaintiff's motion for IFP status is denied.

### B. No Individual Liability

In addition, the complaint is dismissed as to defendants Marianne Egri, Finance Vice President at the School Construction Authority, and the City of New York. Title VII prohibits unlawful discrimination due to sex, religion, national origin, race, and color, and prohibits an employer from retaliating against an employee for opposing the employer's potentially discriminatory practices. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S. Ct. 2405 (2006). However, Title VII does not provide for individual liability, see Wrighten v. Glowski, 232 F.3d 119 (2d Cir. 2000) (citing Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995)), whether it be in their individual or official capacity, see Emmons v. CUNY, 715 F.Supp.2d 394 (EDNY 2010) (collecting cases). Rather, only entities that are "employers" under the Title VII may be named. See id. Here, plaintiff alleges that he was employed by the New York City School Construction Authority. He was not employed by Marianne Egri or the City of New York. Therefore, should plaintiff pay the filing fee, the complaint shall proceed solely as to plaintiff's employer, the New York City School Construction Authority.

## CONCLUSION

Accordingly, the complaint is dismissed as to Marianne Egri and the City of New York as set forth above. No summons shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Furthermore, the Court directs plaintiff to pay the filing fee of $400.00 to the Clerk of Court, Eastern District of New York, within 14 days from the date of this Order. If the filing fee is paid, the Clerk of Court shall prepare a summons solely as to plaintiff's employer, the New York City School Construction Authority, and plaintiff shall effect service pursuant to Rule 4 of the Federal Rules of Civil Procedure.

If plaintiff fails to comply with this Order within the time allowed, this action will be dismissed without prejudice.

**SO ORDERED.**

                                            U.S.D.J.

Dated: Brooklyn, New York
       June 14, 2016