C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
KENNETH E. TAFFE,

           Plaintiff,

    - against -

NEW YORK CITY SCHOOL
CONSTRUCTION AUTHORITY,

           Defendant.

----------------------------------------------------------

**DECISION AND ORDER**

16 Civ. 2975 (BMC) (LB)

**COGAN**, District Judge.

    Plaintiff *pro se* contends that he has not received both salary increases and a promotion that his peers have received based on the fact that he is African American and they are not, in violation of Title VII. He has not responded to defendant's motion for summary judgment, even though the Court gave him both an extension of time and additional time after the extension. Because plaintiff is proceeding *pro se*, I have reviewed the record and considered the strongest arguments that could be made on his behalf. The evidence clearly shows that the reason why plaintiff has been stuck in his same position is because his work is average at best, and those who have received promotions and salary increases have done better or more valuable work. No reasonable jury could conclude otherwise, and defendant's motion for summary judgment is accordingly granted.

## BACKGROUND

    Plaintiff was hired in July 2000 as a Senior Management Specialist in the Capital Budget Group of the New York City School Construction Authority ("SCA"). His duties have consisted of preparing funding requests, and he remains in his original title. In May, 2014, he filed an

internal discrimination complaint alleging that (1) he had only received across-the-board pay increases, while others in his title received discretionary increases; (2) African American employees were required to take a civil service examination to obtain promotions, while some Caucasian employees' titles were changed to exempt them from the exam; and (3) on one occasion, although he had scored at the top of the civil service exam list, the SCA allowed the list to expire and then promoted a non-African American for a more senior position. SCA investigated the complaint and found it to be without merit.

SCA has conducted annual performance evaluations of plaintiff since the 2012-2013 period. They have all concluded that he "meets expectations." Notwithstanding this assessment, his 2012-2013 report also stated that his work "frequently contained errors" and that he "needs to pay better attention to detail and proofread his work prior to submission to his supervisor." It also stated that his work was "frequently late and [does] not provide the detail required." It further noted that these issues "had been discussed" with him "on multiple occasions and his performance has only improved marginally." These comments continued in the same vein for each of his successive annual reports.

At his deposition, plaintiff testified that he believed his evaluations are based on discrimination. He acknowledges that his work sometimes contained errors, was incomplete, or late, but he attributes the latter two problems to the failure of others to get him required information, and as to his mistakes, he points out that no one is infallible, and the mistakes, in his view, are only occasional.

## DISCUSSION

Discrimination claims under Title VII are governed by the familiar burden-shifting test set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>See</u> <u>Gorzynski v. Jetblue</u>

Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010). To show a *prima facie* case of discrimination under Title VII, a plaintiff must provide evidence showing that (1) he belongs to a protected class; (2) he is qualified for the position held; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012). In considering plaintiff's *prima facie* case, the Court must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. See Marvel Characters, Inc. v. Kirby, 726 F.3d 119, 135 (2d Cir. 2013). And the burden of demonstrating a *prima facie* case is *de minimis*. See Joseph v. Leavitt, 465 F.3d 87, 90 (2d Cir. 2006).

Once an employee makes a *prima facie* case, "the burden shifts to the employer to give a legitimate, non-discriminatory reason for its actions." Kirkland v. Cablevision Sys., 760 F.3d 223, 225 (2d Cir. 2014) (citing McDonnell Douglas, 411 U.S. at 802). If it does so, "the burden then shifts back to the plaintiff to show that the employer's explanation is a pretext." Id. This means that at summary judgment, "once the employer has made a showing of a neutral reason for the complained of action, to defeat summary judgment[,] the employee's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the employer's employment decision was more likely than not based in whole or in part on discrimination." Id. (internal quotation marks, brackets, and ellipsis omitted). On a motion for summary judgment, the assessment of plaintiff's *prima facie* case and of his evidence of pretext "tend to collapse as a practical matter under the McDonnell Douglas framework." Collins v. New York City Transit Auth., 305 F.3d 113, 119 n.1 (2d Cir. 2002).

At the summary judgment stage, although continued consideration is given to plaintiff's *pro se* status, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994), and every inference must

3

be construed in plaintiff's favor, see, e.g., Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 621 (2d Cir. 1996), plaintiff must show sufficient proof at the outset to satisfy his *prima facie* case, and if defendant shows a bona fide business justification for the alleged discriminatory action, plaintiff must show, either through his *prima facie* case or through additional evidence, facts upon which a reasonable jury could find discrimination. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 81 (2d Cir. 2001); Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities, 115 F.3d 116, 120 (2d Cir. 1997).

When a plaintiff fails to oppose a summary judgment motion, it substantially reduces the likelihood that the Court will be able to discern a *prima facie* case. The evidence that the employer submits is obviously not intended for that purpose, indeed just the opposite; nonetheless, it may be possible for a court to find enough there to remedy plaintiff's failure to participate. In this case, however, the Court has the advantage of plaintiff's complaint which, because it is attested, can constitute evidence. See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995). Although plaintiff's failure to offer the complaint in opposition to defendant's motion may not make it technically part of the summary judgment record, I will consider it anyway in light of his *pro se* status.

Plaintiff's sworn complaint in this action is essentially a clone of the administrative complaint that he submitted internally to SCA. Because of the *de minimis* standard required to demonstrate a *prima facie* case, it suffices. It shows that plaintiff is a member of a protected class (African American). It alleges, albeit in conclusory form, that he was qualified to receive the promotion and raises that he did not receive. And the failure to give salary increases or promotions based on race are adverse employment actions. See Humphries v. City Univ. of New York, No. 13-cv-2641, 2013 WL 6196561 (S.D.N.Y. Nov. 26, 2013) (finding unequal pay based

on discrimination to be an adverse action); Treglia v. Town of Manlius, 313 F.3d 713, 720 (2d Cir. 2002) (finding that a failure to promote based on discrimination to be an adverse employment action).

As to evidence giving rise to an inference of discrimination, plaintiff offers evidence of several instances where he believes discrimination occurred.

First, he asserts that shortly after 2000 when he was hired full-time (perhaps he worked as a temporary employee prior to that time; we are not told), he was called into a supervisor's office and told that while two other employees in his title, Marcin Ceglinski and Didier Hue, were getting $20,000 salary increases ("maybe" – it appears he is estimating that increase), plaintiff was not getting the increase because he was making a lot more than Ceglinski and Hue, and SCA wanted the two to "catch up." Plaintiff asserts that he had "twenty plus years of accounting experience," implying that Ceglinski and Hue did not. Assuming Ceglinski and Hue are not African American, which plaintiff does not allege but which seems fair to infer, those allegations seem adequate to meet the standard for a *prima facie* case.

Next, plaintiff avers that 14 years after that incident, Hue was making more money than plaintiff without being given any increase in responsibilities, thus showing that Hue received salary increases that plaintiff did not. That also seems adequate for the *de minimis* burden of showing a *prima facie* case.

Third, plaintiff swears that while all African American employees had to take a civil service exam, a non-African American woman, Jennifer Fontanet, was promoted to Operations Manager while several African American employees who were on the civil service list did not qualify because SCA allowed the exam list to expire before promoting Fontanet. That is also an adequate factual averment to support a *prima facie* case.

5

Finally, plaintiff attests that when an opening for Manager occurred in the Accounts Payable Department, it was given to someone outside the department, even though plaintiff was qualified for it.

Each of these descriptions is sufficient to support satisfy the *de minimis* showing that plaintiff must make. Collectively, they are more than adequate.

The inquiry then turns to whether defendant has a bona fide business justification for not giving plaintiff the salary increases and promotion that he claims he should have received. Here, defendant has attempted to show that plaintiff either misunderstands the facts, has omitted others which put his conclusions in question, is simply wrong, or that the claims fail under the statute of limitations. The evidence that defendant has submitted is so overwhelming that steps two and three of McDonell-Douglas effectively collapse into one inquiry.

As to plaintiff's failure to promote claim, there are numerous reasons why it fails. First, it is time-barred, as Fontanet received her promotion on February 13, 2014, and plaintiff did not file his EEOC complaint until June 2, 2015. See 42 U.S.C. § 2000e-5(e) (Title VII administrative complaint for New York employee must be filed within 300 days). In addition, plaintiff admitted at his deposition that he never sought to apply for the position that Fontanet received because it paid roughly the same as his then-current position: "I never applied . . . because . . . senior management specialist [his position], right, and operation manager [the position Fontanet received], right, the salary range is very similar." See Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998) (holding that a Title VII plaintiff complaining of failure to promote must have applied for the position). Although the rule requiring application for promotion is subject to exceptions, none are applicable here. Finally, defendants have offered evidence showing that Fotanet had something that neither plaintiff nor any other employee had –

experience gained in the aftermath of Hurricane Sandy on interacting with the Federal Emergency Management Association to obtain reimbursements for federally-covered expenses. That is a bona fide non-discriminatory reason for her getting the job, and I can find nothing in the record to refute that.

As to Hue's surpassing plaintiff in salary, the reason is straightforward – Hue had more complex work, and he received much better evaluations. Plaintiff prepares funding requests. Hue is a contract manager and is responsible for developing budgets. Hue's evaluations include notations that "he is a strong performer, who has shown an aptitude for handling difficult financial matters." Plaintiff's reviews, summarized above, contain nothing like that.

Plaintiff is not entitled to salary parity just because he is a member of a protected class. Sometimes workers are paid more because they have a harder job or are better at it. Title VII does not seek to repeal the Peter Principle.

Finally, to the extent that plaintiff attempted to state a claim for retaliation, there are no facts to support that claim. His mediocre evaluations were no worse after he filed his internal discrimination complaint than they were before he filed the complaint.

## CONCLUSION

Defendants' motion for summary judgment is granted. The Clerk is directed to enter judgment, dismissing the complaint.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
September 1, 2017